**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE: Chanda S. Carr                                     Case Number: 19-20873-tnw
     Debtor                                                  Chapter 7

## NOTICE OF FILING

Chanda S. Carr ("Debtor"), by and through counsel, hereby files a copy of the engagement agreement in this case as required by the Court Order of September 11, 2019 (Doc. 28). Counsel's failure to comply with the Court's deadlines was a result of an internal miscommunication and other circumstances. Counsel apologizes to the Court for the tardiness and looks forward to clarifying the terms of the engagement letters attached hereto.

    Respectfully,

    */s/ J. Christian A. Dennery*
    J. Christian A. Dennery (95878)
    Dennery, PLLC
    PO Box 121241
    Covington, KY 41012

## PROPOSAL – CHAPTER 7 PAYMENT PLAN

**Chapter 7 and the Automatic Stay:** Under a chapter 7, a debtor proposes to liquidate personal and real property to repay creditors in exchange for an order discharging the debtor's liability on pre-petition debt – the "fresh start." Typically, a debtor obtains a discharge without having to liquidate any property. Moreover, filing for bankruptcy provides immediate relief – virtually all collection actions must cease immediately upon the filing of the petition, including collection calls, letters, repossessions, garnishments, evictions, and foreclosures. Achieving a fresh start under chapter 7 is a complex process that can cost anywhere from $1,000 – $1,500 in upfront costs. Many of our clients cannot afford the upfront costs. We offer the Chapter 7 Payment Plan so that you can.

**Chapter 7 Payment Plan:** If you need relief immediately and you cannot afford to pay the upfront costs, we are offering to file your chapter 7 petition for a flat fee of $300 for a single filer, or $400 for married filer(s). We can complete your case for 12 monthly installments of $98.75. The total costs to you would be $1,485.00, or $1,585.00 for married filers.

> **PLEASE NOTE:** We reserve the right not to offer payment plans to persons whom we determine are not likely to succeed in bankruptcy, or unable to afford the monthly payments.

**Limited Scope of Services – Skeletal Filing:** The flat fee covers the attorney fee for preparing and filing: (1) the petition; (2) a list of creditors; and (3) an application that would allow you to pay the filing fees in installments. (The "skeletal petition"). Prior to filing the petition, we meet with you once to: (1) gather information about your financial situation; (2) advise you as to what to expect in bankruptcy; and (3) prepare to file the skeletal petition. Upon request, we will provide you with a copy of all documents filed in the case.

**Excluded Services and Client responsibilities:** Unless you retain us to complete your case, you will be solely responsible for, among other things: (1) filing the balance of the documents required to complete your petition; (2) timely providing documents to the US Trustee and to the Chapter 7 Trustee; (3) attending the "meeting of creditors;" (4) reaffirming debts with secured creditors; and (5) timely making installments payments on the filing fee. **Beware: the failure to timely file documents and/or make installment payments can result in a dismissal of your case**.

**Post-Petition Services.** You are under no obligation to retain us after the filing of the skeletal petition – you will be free to retain any other attorney of your choice, or continue the case on your own (*pro se*). If you decide to retain us, we will enter into a separate agreement that covers the routine services required to complete the case. (The "post-filing routine services"). By this proposal, we are offering to provide post-filing routine services for $1,185.00, which includes the filing fee of $335.00.

**Non-Routine Matters.** Our clients can avoid additional charges by timely paying any court costs, keeping up with plan, mortgage, and/or car payments, timely providing documents, completing the required credit counselling courses, and attending the meeting of creditors. Clients can expect additional charges when the client: (i) is involved in a landlord/tenant, income tax and/or family law dispute; (ii) is facing imminent utility disconnects; and/or (iii) owns and/or operates a small business. To the extent that additional charges are foreseeable, we let you know what to expect shortly after you provide us with the information or documents that we need to fully assess your situation.

## COSTS, PAYMENTS AND TIMING

**Retainer:** We begin the representation with a retainer of $300 / $400. The retainer is due and payable at the time of our first in-person meeting by cash, check, or money order.

As stated above, we will file an application with the court to allow you to pay the $335.00 filing fee in installments. You will be solely responsible for paying the filing fee, unless you retain us to complete your case. If you retain us to complete your case, we will pay the court fee of $335.00 on your behalf, **only if**:

1. You provide us with all requested documents AND meet with us to review and complete your petition within 10 days from the date of the initial filing of your petition;
2. You make your first payment under the Chapter 7 Payment Plan within not more than 30 days from the date of our first meeting.

The following schedule should give you a sense of when payments and documents will be due. **If you cannot follow this schedule, you should not enter a Chapter 7 Payment Plan.** Instead, we offer routine chapter 7 services that allow us to proceed at your pace and that cost $350 less that the Chapter 7 payment plan.

| **Skeletal Filing Services** | Single Filer | Married Filer |
|---|---|---|
| DAY 1 – 1st in-person meeting and skeletal petition | $300.00 | $400.00 |
| | | |
| **Post-Filing Routine Services** | | |
| DAY 10 – Additional documents due and 2nd meeting to be held | | |
| DAY 30 – 1st payment on Chapter 7 payment plan | $98.75 | $98.75 |
| 11 additional monthly payments for post-filing services | $1,086.25 | $1,086.25 |
| **Total Costs and Expenses:** | **$1,485.00** | **$1,585.00** |

**PLEASE NOTE THAT:** Any balance on the attorney fees that remains outstanding at the time the skeletal petition is filed will be discharged and unenforceable against you. However, any agreement for post-filing services will create a debt that is not affected by the bankruptcy filing. **You will remain personally liable for any amounts due on account of post-filing services and could be sued for any default under the chapter 7 payment plan.**

**Disclaimer of Attorney-Client Relationship**: This proposal is preliminary and non-binding as against either party. Be advised that Dennery, PLLC has not assumed any duties as your legal representative except for the duty of confidentiality and other duties related to conflicts of interest. By receiving this proposal, you acknowledge and understand that this proposal shall not be construed as creating an attorney-client relationship until: (1) the parties review, discuss and enter into an agreement related to the services offered herein, and (2) you deposit with Dennery, PLLC the retainer or flat fee set forth herein. **THIS IS AN ADVERTISEMENT.**

Date: __6/13/19__ ; Client(s): __Chanda Carr__ Initials(s): __CC__

Date: _____ ; Client(s): _____ Initials(s): _____

Dennery, PLLC

## GENERAL TERMS AND CONDITIONS
## CHAPTER 7 PAYMENT PLAN

**Section 1.    Limited Scope of Services.** Attorney shall provide the following limited services to client, ("limited services"):

(a) <u>Consultation and assessment</u>. Attorney shall: (i) meet with client; (ii) review available documentation and information; (iii) provide client with a list of documents that will be needed to complete the filing; and (iv) obtain a credit report. Attorney shall furthermore provide a client with an objective assessment of the case and advise client on approaches that could be taken to achieve client's objectives in bankruptcy. _CC_.

(b) <u>Petition Preparation and Filing</u>. Attorney shall: (i) prepare the petition; (ii) review the petition with the client; and after Attorney receives the completed credit counseling certificate shall file: (A) the petition; (B) a creditor matrix; (C) an application for payment of court fees in installments; and (D) a statement of attorney compensation, which discloses to the court the terms of this agreement and any related proposal and/or statement of work. (The "skeletal petition"). _CC_.

(c) <u>Excluded Services</u>: Client acknowledges and understands that the services set forth above are limited to services performed prior to and including the date of the bankruptcy filing, and that such services specifically exclude the: (i) transmittal of any documents to the UST or to the chapter 7 trustee: (ii) filing any documents, lists, statements, applications not specifically listed in the scope of the limited services; (iii) appearing on behalf of the client at the meeting of creditors or otherwise; (iv) filing or responding to any motions, claims, contested matters or adversary proceedings; (v) reviewing or executing any reaffirmation or assumption of lease agreements; and/or (vi) paying any installment of the filing fee other than the first installment. _CC_.

**Section 2.    Termination after Limited Services**. Client acknowledges that the representation created by this agreement shall naturally terminate immediately after the filing of the skeletal petition. Attorney may file a motion to withdraw from the representation not later than 21 days after the filing date, unless client retains attorney to perform post-petition services. _CC_.

**Section 3.    <u>Acknowledgment of limited scope of Limited Services</u>**. In a normal case, the bankruptcy process requires: (a) the filing of various schedules and lists, statements, disclosures; (b) the preparation and filing of amendments when required; (c) the attendance at a meeting of creditors and cooperation with the US and Chapter 7 trustees; (d) compliance with court orders that are issued from time to time; (e) responding to issues that arise from time to time; (f) the reaffirmation, redemption, surrender or retention of personal property securing obligations to creditors; and/or (g) the faithful performance of various duties enumerated in the code. _CC_.

Client acknowledges and understands that under this agreement, Client shall be solely responsible for complying with the filing and other requirements of the bankruptcy code, court orders, and requests for documents from the US and Chapter 7 trustees after the date on which the skeletal petition is filed. Any failure to comply with the requirements of the

bankruptcy can result in a dismissal of your case. If your case is dismissed, your creditors can resume all collection actions against you. Please note that you would remain liable for any unpaid court fees even if the case is dismissed. _____.

**Attorney strongly advises that you retain an experienced bankruptcy attorney to complete the bankruptcy case after the filing of the skeletal petition.**

**Section 4.    No obligation for routine post-filing services.** Client acknowledges and understands that client is under no obligation to retain Attorney for any post-petition work. Client is free to proceed with the bankruptcy case *pro se* or to retain different counsel of client's choosing. Attorney hereby agrees to provide post-petition services under the terms and conditions set forth in a related statement of work, provided that client is not in default of the parties' agreement. Attorney shall not be obligated to take on the representation for post-filing services if a material change in client's circumstances employment, family, health, living or other situation makes it improbable that client will be able to make all payments for post-filing services, or if Attorney discovers information that indicates that the information provided by client to Attorney was materially false, misleading, or inaccurate _CC_.

**Section 5.    Scope of post-filing services.** If client and Attorney enter into an agreement for post-filing routine services, the scope of the work for post filing services shall be defined in a statement of work, which shall be signed and executed by the parties and governed by the terms and conditions set forth herein. _CC_.

**Section 6.    Fee Arrangement.** Client and Attorney hereby acknowledge and agree that the delivery of the limited scope of services related to the skeletal petition shall be charged at the rates set forth in the related proposal. Post-petition services shall be charged at the rates set forth in related statement of work. _CC_.

**Section 7.    Filing Fees and Other Costs**: Unless expressly provided in a proposal or statement of work, costs including without limitation: filing fees, the costs of the required credit counseling or financial management courses, credit reports, contested matters, adversary proceedings, motion practice, or amendments to list, applications, schedules or statements are the client's sole responsibility. _CC_.

**Section 8.    Retainer; Method of Compensation.** If client elects to retain Attorney after the filing of the case, client shall submit agreed upon payments at the times and in the amounts set forth in any related proposal(s) and/or statement(s) of work. The balance of the agreed upon attorney fees, if any, shall be paid to Attorney either: (a) according to the payment schedule set forth in a related proposal(s) and/or statement(s) of work; or (b) from the proceeds of any monies recovered from creditors by Attorney before the balance of the fees is paid. Client understands and acknowledges that Attorney cannot guarantee any particular outcome in any matter related to your case. Unless otherwise expressly stated in a proposal and/or statement of work, client's obligation to pay for services and court costs or expenses is not contingent upon obtaining a discharge, retaining personal or real property, or on prevailing in any contested matters, adversary proceedings, or state court litigation. _CC_.

2

**Section 9.   Debt created; post-filing services.** Client acknowledges and understands that by entering into an agreement for post-filing services, client will be incurring a debt and promising to pay Attorney the amounts set forth in the related statement(s) of work. Under the terms of such statement(s) of work, client shall be required to make prompt payments and, subject to the bankruptcy rules and the Kentucky Rules of professional conduct, attorney shall be entitled to take actions necessary to enforce its right to collect on any balance that remains unpaid after such becomes due. Client shall also be liable for the costs of enforcing Attorney's right to payment, including but not limited to related administrative expenses and the court costs of bringing a collection action. _CC_.

**Section 10.   Applications for Compensation.**  As required under the bankruptcy code, Attorney shall disclose terms of this agreement to the court. Attorney may also file applications for compensation with the court from time to time after submitting the application to the client for review. Client agrees that it will notify Attorney of any questions or concerns regarding any statement or application of compensation as soon as practicable. _CC_.

**Section 11.   Hourly Rates.** The fees under the related proposals may be offered for a flat fee or charged at an hourly rate. Where applicable, Attorney shall track all hours devoted to the representation to keep track of the value of the services that are being provided, and to support any application for payments that may be submitted from time to time. Hourly rates shall be billed in minimum increments of one-tenth of an hour and at the following rates:

(a) $200.00/Hr. for each hour devoted to delivering legal services, including without limitation consulting or communicating with client, drafting or preparing legal documents, letters, negotiating with creditors or adversaries, or preparing for or attending related hearings that are specifically excluded from the scope of representation set forth herein or a related statement of work(s), and that are not made part of a flat fee agreement.

(b) $85.00/Hr. for each hour of paralegal, administrative and legal support services related to legal research, case management and administration, and clerical tasks that are not made part of a flat fee agreement.

**Section 12.   Client Cooperation.** Client can expect being asked to read and sign various legal documents. Client understands and acknowledges that Attorney's ability to effectively represent client is largely dependent on client's cooperation in timely gathering information and providing documents, responding to Attorney's communications, and making decisions about the direction of the case. Client furthermore understands and acknowledges that the failure to cooperate with Attorney, timely make payments or submit documents, complete the required credit counselling or financial management course, or appear at scheduled court hearings or conferences can results in a dismissal of client's action and/or additional court courts and attorney fees. _CC_.

**Section 13.   Client Termination.** In the event that client terminates the representation before its conclusion due to circumstances or occurrences that have not arisen out of the Attorney's errors or omissions, THEN, subject to any provisions to the contrary contained in a related statement of work, Client agrees to pay Attorney for the "reasonable value of services" performed through the date of the termination. _CC_. In no case shall such fees

3

exceed any "not-to-exceed" or "flat fee" provided in a related statement(s) of work. For the purposes of this agreement the term "reasonable value of services" shall mean:

(a) All hours devoted to the phase of the representation during which the termination occurred, MULTIPLIED BY

(b) The hourly rates provided herein or in any related proposal(s) and/or statement(s) of work, as applicable.

**Section 14. Attorney Termination of representation.** Subject to any required court approvals, and the rules of professional conduct, Attorney reserves the right to terminate the representation upon reasonable written notice, or pursuant to the terms of any related proposal(s) and/or statement(s) of work. In the event of termination, client agrees to pay Attorney all fees for work performed by Attorney through the date of termination, but in no case shall such fees exceed any "not-to-exceed" or "flat fee" figures provided in a related proposal(s) and/or statement(s) of work. _CC_.

By their initials and signatures below, the undersigned acknowledge having read the foregoing and all related proposals and/or statements of work incorporated herein, which are hereby deemed to have been incorporated herein. The undersigned furthermore hereby acknowledge having understood the terms and conditions of these general terms and conditions and those of the proposals and statements of work incorporated herein and acknowledge that such are true and accurate and in conformity with the parties' mutual understanding.

| **CLIENT** | **ATTORNEY** |
|---|---|
| _Chanda Carr_ | |
| By: | Dennery, PLLC |
| Date: _6_ / _13_ / 2019 | By: Dolores L. Dennery, Esq. |
| | Date: ___ / ___ / 2019 |
| ry, PLLC | |
| | |
| By: | Dennery, PLLC |
| Date: ___ / ___ / 2019 | By: J. Christian A. Dennery, Esq. |
| | Date: ___ / ___ / 2019 |
| Dennery, PLLC | |

4

Dennery, PLLC

## STATEMENT OF WORK AND PROMISSORY NOTE

**Incorporation Of General Terms And Conditions**: This Statement of Work and Promissory Note (the "Agreement"), shall be incorporated to the General Terms and Conditions executed on __6/13/19__, 2019, between Dennery, PLLC ("attorney" or "Dennery, PLLC"), and the undersigned client ("client"). The terms of this Agreement shall be read as consistent with those of the General Terms and Conditions to the extent possible. The terms and conditions of this Agreement shall prevail over any conflicting terms or provisions contained in the General Terms and Conditions to the extent that the conflict relates to: (i) scope of services provided hereunder; and (ii) the payment terms and methods of compensation. __CC__.

**Scope of Post-Filing Routine Services:** Attorney shall: (1) meet with client; (2) review available documentation and information; (3) transmit required documents to the UST and to the chapter 7 trustee: (4) file any documents, lists, statements, applications required to complete the petition after reviewing such with client; (5) appear at the meeting of creditors; (6) draft and file not more than one responsive pleading to a motion for relief from stay; (7) take reasonable measures to retrieve any and all monies garnished within 90 days of the bankruptcy filing; (8) review and execute any reaffirmation or assumption of lease agreements; (9) arrange for the required financial management course; and (10) pay the filing fee of $335.00. (the "post-filing routine services"). __CC__.

**Excluded Services:** The scope of representation shall not include any services related to discharge ability actions, judicial lien avoidances, lift stay motions, or other adversary proceedings or contested matters, unless expressly provided for herein. Nor does this Agreement include motion practice related to requests for extensions of time or motions to dismiss for failure to submit documents or to make installment payments on the filing fees. __CC__.

**Attorney Fees for post-filing routine services.** The post-filing routine services set forth above shall be offered for a flat fee of $1,145.09. __CC__.

**Fees for non-routine services.** All services performed in addition to the post-filing routine services (non-routine services"), shall be charged at flat fees agreed to by the parties, or at the following hourly rates:

1. $200.00/Hr. – for each hour devoted to delivering legal services, including without limitation consulting or communicating with client, drafting or preparing legal documents, letters, negotiating with creditors or adversaries, or preparing for or attending related hearings that are specifically excluded from the scope of representation set forth herein or a related proposal, and that are not made part of a flat fee agreement.

2. $85.00/Hr. – for each hour of paralegal, administrative and legal support services related to legal research, case management and administration, and clerical tasks that are related to additional services and not made part of a flat fee.

**Filing Fees and Other Costs**: Unless expressly provided in a proposal or statement of work, client shall be solely responsible for the costs related to their case, including without limitation: the costs related to credit counseling or financial management courses, credit reports, contested matters, adversary proceedings, motion practice, or amendments to lists, applications, schedules or statements. __CC__.

**Promise to Pay.** By this Agreement, Client promises to pay to the order of Dennery, PLLC, its successors and assigns, the total sum of $1,145.09 (the "Principal") in addition to any amounts due hereunder in accordance with the terms and conditions set forth herein. __CC__.

**Maturity Date.** Any outstanding balance, all accrued but unpaid interest, and/or charges shall be due and payable in full by Client on demand at any time after 7/21/2020 (the "Maturity Date"). __CC__.

**Interest Rate.** The Principal shall bear interest at the rate of 7.55% per annum. At the beginning of each monthly payment period, interest shall be calculated against the then outstanding principal on the basis of a 12-month calendar year. Any fraction of a month shall be treated as a full month for the purposes of interest calculations. __CC__.

**Late Charges.** If Attorney does not receive any payment due under this Agreement within five (5) days from the date upon which such payment is due, then Attorney may charge a late charge of $25.00. As set forth in the Debit Authorization attached hereto, Attorney shall furthermore be entitled to charge a $20 administrative fee for any payments returned Non-Sufficient Funds (NSF). ("Late Charges"). Client understands and acknowledges that in addition to the assessment of Late Charges, Attorney shall be entitled to an administrative fee of $150.00 to cover all administrative or clerical expenses incidental to the bringing of a legal action to enforce Attorney's right to payment. __CC__.

**No Usury.** For the purposes of this section, the term "Payment Obligations" shall mean the outstanding Principal together with all accrued interest, charges, fees, or expenses due hereunder. To the extent that the difference between the Payment Obligations and the Principal, when factored against the Principal and expressed as a percentage, exceeds the maximum percentage permissible under any applicable law, Attorney hereby waives the right to demand any amounts in excess to such maximum percentage.

**Payment Schedule and Method of Compensation.** Client acknowledges and agrees that Client shall pay Attorney: (i) $98.75 on the __21__ day of each month beginning on 8/21/2019 until the Maturity Date; OR (ii) in one lump sum from the proceeds of any monies recovered by Attorney on the client's behalf, if at the time of said recovery any amounts remain due and owing under this Agreement. __CC__.

**Automatic Withdrawals.** Client furthermore acknowledges that, as an inducement for Attorney to advance the filing fee and extend post-petition legal services without full payment, client has authorized Attorney to initiate automatic withdrawals from Client's bank account as provided in the attached Debit Authorization, which is incorporated by reference hereto. __CC__.

**Application of Payments.** Payments received by Attorney will be applied in the following order: (i) to the installment payments on filing fees if any remaining due and owing; (ii) to interests and charges; and (iii) to the Principal due under this Agreement. __CC__.

**Default and Termination of Services.** Client shall be in default under this Agreement if client fails to make any payment due hereunder or under any related agreement within 5 days from the date upon which such payment is due. Upon the occurrence of a default, Attorney shall be relieved of any obligation to render any additional services to client, or to pay the filing fees on the client's behalf, AND client, without demand or notice, shall be solely responsible for: (1) completing the petition; and (2) paying the filing fees directly to the court. __CC__.

2

**Termination and Acceleration**. Upon the occurrence of a default and after Attorney has rendered the services due under the parties' agreement(s), Attorney may terminate this Agreement, accelerate any outstanding balance on the Principal together with any additional amounts due hereunder or under any related agreements, declare all such amounts immediately due and payable in full, and take all measures to enforce its right to payment against client. ___CC___.

**No waiver:** No delay or failure on the part of Attorney to exercise any right, remedy or power hereunder or under applicable law will impair or waive any such right, remedy or power, be considered a waiver of or an acquiescence to a client default, or affect any other or subsequent breach or default of the same or of a different nature. No waiver of any default will be established by the Attorney's conduct, custom or course of dealing; and no modification or waiver be effective unless the same is in writing, signed by the parties and specifically referencing this Agreement. No notice to or demand on Client will entitle client to any other or further notice or demand not expressly provided for in this agreement. ___CC___.

**Credit Reporting**. By signing this Agreement you are providing written instruction to Dennery, PLLC under the Fair Credit Reporting Acts, authorizing Dennery, PLLC to obtain information from your personal credit profile from credit and reporting agencies, and to report this debt and Client's payment history to either or all of the following credit bureaus: Experian, Transunion, and/or Equifax. ___CC___.

**Severability**. If one or more provisions of this Agreement are held to be unenforceable under applicable law, such provision shall be excluded from this Note and the balance of this Agreement shall be interpreted as if such provision were so excluded and shall be enforceable in accordance with its terms. ___CC___.

**NOTICE**: In most cases, debts incurred by you prior to the filing of the bankruptcy petition, including any unpaid attorney fees, are unenforceable against you. However, this Agreement establishes <u>a debt incurred by you after the filing of the bankruptcy case</u>. Your debt to Dennery, PLLC under this Agreement will not be discharged upon the conclusion of your bankruptcy case. ___CC___.

**PLEASE TAKE FURTHER NOTICE**: The rules of professional conduct allow Dennery, PLLC the limited use your confidential information to establish a claim against you for non-payment. By signing this Agreement, you acknowledge that in an event of a default under this Agreement, Dennery, PLLC may take legal action against you to enforce its rights to payment and use your personal information for the limited purpose of enforcing such rights. ___CC___.

3

The undersigned have read the foregoing Statement of Work, understand its terms, and acknowledge that such are true and accurate and in conformity with the parties' mutual understanding.

**CLIENT**

*Chanda Carr*
_____

7 / 25 / 2019

**CLIENT**

_____

_____

___ / ___ / 2019

**DENNERY, PLLC**

_____

By: Dolores L. Dennery, Esq.
Its: member
___ / ___ / 2019

**DENNERY, PLLC**

_____

By: J. Christian A. Dennery, Esq.
Its: member
___ / ___ / 2019

4

Statement of Work and Promissory Note – **EXHIBIT A**

## DENNERY, PLLC
### Authorization for Payments by Automatic Debit Card Charge OR Bank Draft

Account holder: **CHANDA CARR**
Joint Account holder: **NA**
Street Address: **963 Shadowridge Dr.**
City: **Elsmere**, State: **KY**  Zip: **41018**

As duly authorized holder(s) of the checking account identified below, I/we authorize Dennery, PLLC to initiate debits against said checking account to deduct payments due under my/our agreement with Dennery, PLLC.

If any debit should fail or be returned Non-Sufficient Funds (NSF), I authorize, Dennery, PLLC, to make up to 2 additional attempts to process a failed debit, and to debit a one-time fee of $20.00 to cover the administrative expenses related to the unsuccessful debit.

I acknowledge and understand that scheduled debits will be made automatically on the date selected below. Attempts to process failed debits or debits made on account of administrative fees shall be made with not more 14 calendar days of a failed debit attempt.

- [ ] 7th of each month
- [x] 21st of each month → **AUGUST**

### Debit Card Information

Name (As it appears on Debit Card) **Chanda Sue Carr**
Debit Card No: ████████████ **3863** Exp: **4/20**; CVV ███
Bank Name: **Bank of America**
Bank City, State: _____

This authorization shall automatically terminate on the later of the day upon which the last payment due under my/our agreement with Dennery, PLLC is made; or (2) on **July 21**, 20**20**.

The undersigned have read the foregoing understand its terms, and acknowledge that such are true and accurate and in conformity with the parties' mutual understanding.

**Chanda Carr**
Account Holder
Name: **Chanda Carr**
Date: **7/25/2019**

_____
Account holder
Name: _____
Date: ___ / ____ / _____