**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE: Chanda S. Carr                                                                Case Number: 19-20873-tnw
      Debtor                                                                                        Chapter 7

**MEMORANDUM OF LAW AND FACTS**

Chanda S. Carr ("Debtor"), by and through counsel, hereby submits a Memorandum of Facts and Law related to the hearing set in this matter.

**Background.**

1. On June 13, 2019, Debtor entered into an agreement with Dennery, PLLC for legal and other services related to the filing of a petition for bankruptcy relief. (The "pre-petition agreement" attached as Exhibit A-1). That same day, the parties executed general terms and conditions, which supplemented the terms of the parties' agreement. (The "terms and conditions" attached as Exhibit A-2).

2. Pursuant to the pre-petition agreement, Debtor paid a $300 flat fee for the preparation and filing of a bankruptcy petition and of an application to pay the filing fee in installments. The scope of services to be provided under the pre-petition agreement specifically excluded any other services related to the bankruptcy filing. (Ex. A-1).

3. The pre-petition agreement also included an offer to provide post-filing services related to the bankruptcy case under a separate agreement that was to be executed post-petition. Debtor was expressly advised that she was "under no obligation to retain [Dennery, PLLC] after the filing of the skeletal petition…" (Ex. A-1, p. 1). Likewise, Debtor acknowledged that she was under no obligation to retain Attorney for post-petition services. (Ex. A-2, Sec. 4).

4. By July 6, 2019, counsel filed a skeletal petition. On July 25, 2019, Debtor retained Dennery PLLC to complete the case, pursuant to a certain Statement of Work and Promissory Note, which governed that portion of the parties' engagement. (Exhibit A-3, the "post-petition agreement").

5.  Debtor's case was dismissed due to counsel's omission but was ultimately reinstated to the docket. Debtor filed the balance of the petition on August 14, 2019 (Doc. 18), and a statement of compensation, which disclosed the terms of the parties' agreement. (Doc. 19).

**6.**  On September 11, 2019, the Court set a hearing for clarification concerning the fee arrangements in light of *Rittenhouse v. Eisen*, 404 F. 3d 395 (6th Cir. 2005).

### Relevant Legal Standards

**1. The holding in Rittenhouse v. Eisen, 404 F. 3d 395 (6th Cir. 2005) is inapplicable.**

A debt for pre-petition legal services is not one of the non-dischargeable debts enumerated in §523(a). Accordingly, the Sixth Circuit affirmed a bankruptcy court's order barring the collection of attorney fees incurred under a prepetition agreement. *Rittenhouse v. Eisen*, 404 F.3d 395, 396 (6th Cir. 2005). However, "Rittenhouse did not rule on the enforceability of an obligation to pay attorney fees under an agreement made after a bankruptcy case is filed." *In re Slabbinck*, 482 B.R. 576, 582 (Bankr. E.D. Mich. 2012). As noted by the Bankruptcy court of the Eastern District of Michigan, there is nothing in the Code that prohibits bankruptcy counsel from unbundling pre-petition legal services from post-petition legal services … "and being compensated for those services post-petition under a post-petition agreement for payment." See *Id.* at 581.

**2. Limiting the scope of services in a bankruptcy representation is permissible.**

"The unbundling of pre and post-petition services is permissible only when a debtor has been fully advised regarding: (1) the specific services debtor's counsel will perform as part of the pre-petition agreement to represent the debtor; (2) the specific services debtor's counsel will perform post-petition; (3) the necessity of a separate post-petition agreement regarding payment of those services; (4) the consequences to the debtor if the debtor chooses not to retain counsel post-petition; and (5) the consequences to the debtor if debtor retains counsel post-petition i.e. that fees for post-petition services survive discharge. *In re Abdel-Hak*, No. 12-46329-MBM, 2012 Bankr. LEXIS 5393, at *18 (Bankr. E.D. Mich. Nov. 16, 2012) (Citing *In re Slabbinck*, 482 B.R. 576; *In re Egwim*, 291 B.R. 559, 569-72 (Bankr. N.D. Ga, 2003); *In re Lawson*, 437 B.R. 609 (Bankr. E.D. Tenn. 2010)).

Here, Debtor was fully advised as to scope and limitations of the prepetition services that were being offered under the prepetition agreement, through the express terms of the prepetition agreement, and through the in-person consultations with counsel. (See Ex. A Attorney certification). Likewise, Debtor was fully advised as to the specific services that would be provided under the post-petition agreement. (Ex. A-3, p. 1). Both the pre-petition agreement and the terms and conditions informed Debtor as to the necessity of retaining Dennery, PLLC under a separate agreement to complete the bankruptcy case. (Ex. A-1, p. 1, and Ex. A-2, Sec. 2). Debtor was furthermore informed about the consequences of failing to complete her case, and the advisability of the seeking experienced counsel. (Ex. A-1, p. 1).

From the outset of the representation, Debtor was warned that "any agreement for post-filing services will create a debt that is not affected by the bankruptcy filing. You will remain personally liable for any amounts due on account of post-filing services and could be sued for any default under the chapter 7 payment plan." (Ex. A-1, p. 2; see also Ex. A-2, Sec. 9; and Ex. A-3, p. 3).

For the reasons set forth above, Debtor's consent to the limited scope of the representation can be said to have been informed and the parties' agreements compliant with related authority.

Respectfully,
*/s/ J. Christian A. Dennery*
J. Christian A. Dennery (KBA No. 95878)
Dennery, PLLC
PO Box 121241
Covington, KY 41012
Tel. 859-445-5495
Fax 859-286-6726
jcdennery@dennerypllc.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October 2019, a copy of the foregoing was served: Electronically by the CM/ECF system.

*/s/ J. Christian Dennery*
J. Christian A. Dennery