UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
Covington Division

In re:

Chanda S. Carr

Debtor.

Case No. 19-20873
Chapter 7

**United States Trustee's Response to Debtor's Attorney's Notice of Filing of Debtor's Engagement Agreement (Doc. 35) and Memorandum of Law and Facts (Doc. 36)**

Paul A. Randolph, Acting United States Trustee, responds to the Debtor's Attorney's Notice of Filing of Debtor's Engagement Agreement (Doc. 35) and Memorandum of Law and Facts (Doc. 36), pursuant to the Court's direction (Doc. 37):

1. The United States Trustee is unaware of any controlling Sixth Circuit authority governing the bifurcation of fees. Mr. Dennery appears to have mirrored his practice to conform to the requirements of bankruptcy courts within the Sixth Circuit that have allowed the practice, most notably *In re Slabbinck*, 482 B.R. 576 (Bankr. E.D. Mich. 2012).

2. The pre-petition contract in this case is vague about Mr. Dennery's continuing duties in representing the Debtor. Under Dist. Ct. L.R. 83.6 (incorporated by KYEB LR 1001-3) an attorney may generally withdraw from

a case only after Court approval. By signing the petition, Mr. Dennery has entered his appearance in this case. Fed. R. Bankr. P. 9010(b).

3.  On the other hand, Section 3 of Dennery's "pre-petition" agreement states that "Client shall be solely responsible for complying with the filing and other requirements of the bankruptcy code.…" Doc. 35 p. 4. *See also* "Excluded Services and Client responsibilities" Doc. 35 p. 2. Not only is this inconsistent with Dist. Ct. L.R. 83.6, it also appears to violate 11 U.S.C. § 526(c)(2)(B) (debt relief agency's[1] duty to file "any required information including those specified in section 521"). Such contract provisions may leave the client with the impression that Mr. Dennery will not file schedules and appear at the meeting of creditors unless the post-petition payment plan is signed and followed[2], but the United States Trustee has not received any complaint that Mr. Dennery has failed to perform these duties in a case post-petition.

---

[1] Upon information and belief, Mr. Dennery's firm is a "debt relief agency."

[2] There is further ambiguity in the agreement. Section 2 states that the attorney "may file a motion to withdraw from the representation not later than 21 days after the filing date" and section 14 states that attorney may terminate representation "Subject to any required court approvals.…" Doc. 35 at p. 4, 7.

4.   The United States Trustee also notes that the agreements provided by Mr. Dennery are signed only by the debtor. This raises the question of whether Mr. Dennery executed a contract with his client. 11 U.S.C. 528(a)(1).

5.   The foregoing is based solely upon review of the record, and this office's prior dealings with Mr. Dennery. On its face, the post-petition agreement was signed post-petition. The United States Trustee has not interviewed the debtor regarding the agreements insofar as her meeting of creditors will be held on October 25. Additional time would be needed, if the Court deems it advisable, for the United States Trustee to conduct a full investigation.

Dated: October 7, 2019

**Paul A. Randolph**
Acting United States Trustee

By:*/s/Rachelle C. Dodson*
  John L. Daugherty
  Assistant U.S. Trustee
  Rachelle C. Dodson
  Bradley M. Nerderman
  Trial Attorneys
  Office of the U.S. Trustee
  100 E. Vine St., Suite 500
  Lexington, KY 40507
  (859) 233-2822

**Certificate of Service**

I certify that on October 7, 2019, I served a copy of the foregoing via ECF noticing upon all parties registered to receive notice electronically.

*/s/ Rachelle C. Dodson*
Rachelle C. Dodson