**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE:

CHANDA S. CARR

DEBTOR(S)

CASE NO. 19-20873

CHAPTER 7

Judge Tracey N. Wise

**POSITION STATEMENT OF TRUSTEE**

COMES NOW, Michael L. Baker, Trustee in Bankruptcy, and pursuant to the Court's Order entered October 9, 2019 [ECF No. 42], files the following position statement:

The United States Trustee has filed a copy of copy of the transcript of the Meeting of Creditors held pursuant to 11 U.S.C. § 341 in its Position Statement [ECF No. 49-1]. The Trustee refers the Court to that transcript, specifically pages 23 – 26, in which the Debtor discussed, upon questioning, the length of time that she expended with counsel, both prior to the filing of the bankruptcy Petition and subsequent to the filing of the bankruptcy Petition.

The facts with regard to the execution of the employment contracts with counsel are in the record and undisputed. The Debtor executed two contracts. One was executed prior to the filing of the Petition and provided for a $300.00 payment. The second agreement, executed after the filing of the Petition, on or about July 25, 2019, included an agreement by the Debtor to pay a monthly installment payment to counsel for a total, including the $300.00 pre-petition, of $1,485.00. This amount included a filing fee of $335.00. So the total amount paid to counsel under the agreements totals $1,150.00.

The Trustee asserts that counsel is caught between duties imposed by Rule 9011 and the strictures of 11 U.S.C. § 524. Federal Bankruptcy Rule 9011 states, among other matters, that the

execution and signature by counsel on a pleading, including the bankruptcy petition, are supported by evidence and that counsel is warranting that the matters presented are not frivolous and had evidentiary support.  See Rule 9011(b).

The Debtor has testified that she spent several hours with counsel for the Debtor prior to the filing of the bankruptcy Petition on July 6, 2019.  There were two meetings with counsel.  One occurred on June 13, 2019, and the second occurred on June 26, 2019.  The first meeting was "by far the longest."  See page 26 of Transcript [ECF No. 49-1].

In order for counsel to meet obligations imposed by Rule 9011, counsel must necessarily gather sufficient information in order to know whether the Debtor should file Chapter 7 or Chapter 13, or file anything at all, and be able to prepare even a skeletal petition, which is to list all of the known creditors of the Debtor along with the first pages of a petition.  The Debtor has expended most of her time with counsel prior to the filing of the Petition.

I contrast the time expenditure with the effect of discharge as stated in 11 U.S.C. § 524.  Any amount owed by the Debtor prior to the filing of the bankruptcy is subject to the discharge as stated in 11 U.S.C. § 524(a).  Reaffirmation of a debt that existed prior to the filing of the petition is discussed in 11 U.S.C. § 524(c).  And the Court and counsel are very familiar with the strictures that a reaffirmation agreement require.  The agreement executed by the Debtor and counsel post-petition on July 25, 2019, on its face does not meet the requirements of 11 U.S.C. § 524.  Nor has counsel proposed to the Court that said agreement is in fact a reaffirmation agreement of pre-petition services.  The agreement stands for post-petition services rendered after the filing of the Petition.

Based upon the Debtor's testimony, the majority of the work necessarily occurred pre-petition.  Therefore, Counsel for the Debtor faces this conundrum.  If the charge post-petition is

simply for the appearance at the Meeting of Creditors and dealing with reaffirmation agreements, that time is significantly less than in preparation of schedules and the gathering of information for those schedules. The information, as testified to by the Debtor, was more than likely rendered prior to the filing of the Petition. Based upon time considerations, clearly most of the information needed to prepare the Schedules was provided pre-petition.

While the Debtor was unclear as to when her information was provided to Counsel, she clearly stated that most of the time she spent with counsel was pre-petition.

To the Trustee it appears that counsel is charging a reasonable fee. However, the division of the fee is based upon the ability of the Debtor to pay, rather than when the services are actually rendered. The Debtor can afford to pay $300.00 prior to the filing. Thus, counsel charges $300.00 for pre-petition services. The Debtor can afford to pay a monthly fee over the course of 12 months. Therefore, Debtor's Counsel asserts that the work done post-petition is equal to the amount that counsel charges post-petition.

However, the theory does not comport to the reality of when counsel did legal services rendered the Debtor. In meeting with the client for several hours prior to the filing of the Petition and only possibly two hours post-petition, counsel clearly has expended most of the time necessary in this matter pre-petition. To the Trustee, therefore, it appears that the amounts charged by counsel are to collect for services rendered pre-petition, at least in part. Part of the fee is clearly earned post-petition. These services would include the filing of the Schedules post-petition, the appearance at the Meeting of Creditors. Other matters are already excluded under this contract, which may arise post-petition and would be charged for separately.

Since the post-petition agreement does not comport to the requirements of 11 U.S.C. § 524 and what is necessary to include in a reaffirmation agreement, without reaching the merits of

whether counsel can enter into a reaffirmation agreement with a debtor, it appears to the Trustee that the payment arrangement is flawed.

The alternative is that counsel has done no investigation and simply filed a skeletal petition. That violates the strictures of Rule 9011. The Trustee is not intimating to the Court or to counsel that Rule 9011 in fact has been violated. The more likely scenario was that the work was performed pre-petition, and counsel was attempting to obtain payment post-petition.

In conclusion, the Trustee does not take a position on whether the division of the fee can be separated into a pre-petition contract and a post-petition contract. There are cases that the Court is familiar with that undertake this examination. Counsel for the Debtor is clearly trying to fit into a niche where post-petition services can be contracted after the filing of the Petition. At the same time counsel is, in the Trustee's view, doing the work pre-petition, except for filing post-petition the Schedules and for appearing at the Meeting of Creditors. The work done pre-petition is subject to the discharge. To the extent that work is not paid prior to the filing of the petition, the Trustee can only conclude that portion of the fee should be discharged and not collected by counsel.

How the Court makes that determination will require more evidence from the Debtor and from counsel as to what time was expended prior to the filing versus after the filing. In the case before this Court, it appears at least 75 percent (75%) of counsel's time was with the Debtor pre-petition. And yet, approximately 25 percent (25%) of the fee was collected pre-petition, and 75 percent (75%) is charged post-petition.

Based upon that conclusion, it would appear that disgorgement of a portion of the fee, to the extent not collected, would be in order. However, under the terms of the contracts, the Debtor has not paid sufficient funds yet to pay the Court's filing fee. Therefore, counsel has not collected funds that would otherwise be subject to disgorgement under this conclusion.

                                            Respectfully submitted,

                                            /s/  Michael L. Baker
                                            Michael L. Baker (02708)
                                            ZIEGLER & SCHNEIDER, P.S.C.
                                            541 Buttermilk Pike, Suite 500
                                            P.O. Box 175710
                                            Covington, KY  41017-5710
                                            (859) 426-1300
                                            Facsimile:  (859) 426-0222
                                            mbaker@zslaw.com
                                            *Trustee in Bankruptcy*

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on this 6th day of November, 2019, a copy of the foregoing was served either by First Class U.S. mail, postage prepaid, or through electronic service, where possible, upon the following:

United States Trustee
100 East Vine Street
Suite 500
Lexington, KY  40507

J. Christian A. Dennery
Dolores L. Dennery
Dennery PLLC
P.O. Box 121241
Covington, KY  41012
*Attorneys for Debtor*

                                            /s/  Michael L. Baker
                                            Michael L. Baker